UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DONALD T. MURRAY,

                Plaintiff,

     -vs-                             **No. 1:15-CV-00550 (MAT)**
                                            **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

---

## I. Introduction

Represented by counsel, plaintiff Donald T. Murray ("Plaintiff") brings this action pursuant to Titles II XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Acting Commissioner of Social Security[1] (the "Commissioner" or "Defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

## II. Procedural History

Plaintiff protectively filed applications for DIB and SSI on August 10, 2012, alleging disability as of February 25, 2009 due to back problems, nerve damage in his left leg, and osteoporosis in his hips and lower back. Administrative Transcript ("T.") 143-45, 177. Plaintiff's applications were initially denied. T. 74-75. At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Donald T. McDougall on February 9, 2013. T. 30-67, 85-87. On February 26, 2014, ALJ McDougall issued a decision in which he found that Plaintiff was not disabled as defined in the Act. T. 17-29. On April 25, 2015, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's determination the Commissioner's final decision. T. 1-7. This action followed.

## III. The ALJ's Decision

Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2013. T. 22. At step one of the five-step sequential evaluation, *see* 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 25, 2009, the alleged onset date. *Id*. At step two, the ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease of the lumbar spine, osteoporosis, chronic obstructive

2

pulmonary disease ("COPD"), and obesity. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. T. 23.

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform "a wide range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)," with the following specific limitations: can sit for up to six hours in an eight-hour workday; can stand and/or walk up to six hours in an eight-hour workday; can lift and/or carry up to ten pounds frequently and twenty pounds occasionally; is limited from work requiring more than occasional twisting of the spine or more than occasional bending. T. 23. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. T. 27. At step five, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. *Id*. Accordingly, the ALJ found Plaintiff not disabled. T. 28.

**IV. Discussion**

   **A. Scope of Review**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the

decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

Here, Plaintiff argues that remand of this matter for further administrative proceedings is necessary because, having rejected the only medical opinions of record, the ALJ impermissibly fashioned an RFC based on bare medical findings. For the reasons set forth below, the Court agrees.

**B. The ALJ's RFC Finding is not Supported by Substantial Evidence**

The record in the instant matter contains two medical opinions dated December 5, 2013 (the "December 5th Opinions"), which are identical to one another. T. 388, 391. One of the December 5th

4

Opinions purports to be the opinion of treating physician Dr. Nathalie Bousader-Armstrong, while the other purports to be the opinion of treating physician Dr. P. Jeffrey Lewis. *Id*. However, as the ALJ noted, it appears that the opinions were actually signed by physician's assistant ("PA") Edward Vargo. T. 25. The opinions state that Plaintiff can occasionally lift or carry five ten pounds, can frequently lift or carry five pounds, can stand or walk for less than two hours per day, can sit for one-quarter of an hour per day, can push or pull up to ten pounds with his upper and lower extremities, and must lie down or recline for five hours in an eight-hour period. T. 388, 391. In his opinion, the ALJ afforded "little persuasive weight" to the December 5th Opinions, finding that they were not supported by the medical evidence of record. T. 25-26.

In addition to the December 5th Opinions, the record contains a letter from Dr. Lewis dated December 8, 2013, in which he opines that plaintiff is unable to lift more than ten pounds on a regular basis without pain and has "sitting and walking intolerance." T. 393. Dr. Lewis opined in this letter that Plaintiff was "unable to work in any capacity." *Id*. The ALJ also afforded this letter "little weight," stating that it was unsupported by the record and unaccompanied by any physical examination notes or reports of functioning to substantiate the conclusions contained therein. T. 26.

5

The parties devote a substantial portion of their papers to arguing over whether the December 5th Opinions were opinions of treating physicians, or whether they were completed by PA Vargo and thus properly considered "other source opinions." This argument, however, is beside the point. Plaintiff ultimately acknowledges that, even if the opinions were from treating physicians, "the ALJ was not required to accept [them] if he felt that [they were] unsupported by the record." Docket No. 14. Instead, Plaintiff's primary argument is that, having rejected the only medical evidence of record assessing Plaintiff' physical work-related limitations, the ALJ was not permitted to fashion an RFC finding based on his own assessment of the bare medical findings. Plaintiff is correct.

It is well-settled that "[a]n ALJ must rely on the medical findings contained within the record and cannot make his own diagnosis without substantial medical evidence to support his opinion." *Goldthrite v. Astrue*, 535 F.Supp.2d. 329, 339 (W.D.N.Y. 2008). "[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (internal citation omitted). Accordingly, "[w]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," it is not permissible for the Commissioner to "make the connection h[er]self." *Id.* (internal

6

citation omitted); *see also Jermyn v. Colvin*, No. 13-CV-5093 (MKB), 2015 WL 1298997, at *19 (E.D.N.Y. Mar. 23, 2015) ("[N]one of these medical sources assessed Plaintiff's functional capacity or limitations, and therefore provide no support for the ALJ's RFC determination.").

"[U]nder certain circumstances, particularly where the medical evidence shows relatively minor physical impairment, an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." *Wilson*, 2015 WL 1003933, at *21. However, an ALJ may not make such a "common sense judgment" where there are "complex medical findings" and Plaintiff has "ha[s] multiple severe physical impairments." *Urban v. Berryhill*, No. 16-CV-76-FPG, 2017 WL 1289587, at *3 (W.D.N.Y. Apr. 7, 2017). In this case, the ALJ found that Plaintiff had multiple severe physical impairments, and expressly noted that "imaging over the course of treatment does document worsening of [Plaintiff's] impairment." T. 25. This is simply not a case in which Plaintiff's impairments were so minor as to permit the ALJ to make a common sense judgment in the absence of supporting medical opinion.

While the Commissioner is correct that an ALJ's RFC finding need not "correspond to [a] particular medical opinion" (Docket No. 13-1 at 17), "[w]here, as here, the medical findings and reports merely diagnose the claimant's impairments without relating the diagnoses to specific physical, mental, and other work-related capacities, the administrative law judge's determination of

7

residual functional capacity without a medical advisor's assessment of those capacities is not supported by substantial evidence." *Palascak v. Colvin*, No. 1:11-CV-0592 MAT, 2014 WL 1920510, at *9 (W.D.N.Y. May 14, 2014) (internal quotation omitted). Reviewing the ALJ's decision, it is clear that his RFC determination was based on his own assessment of Plaintiff's physicians' medical findings, which, as discussed above, is impermissible.

"In sum, because there is no medical source opinion to support the ALJ's residual functional capacity finding, the Court concludes that it lacks substantial evidentiary support." *Id*. Accordingly, remand of this matter for further development of the record - including, if necessary, a consultative examination of Plaintiff - is required.

**V. Conclusion**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 10) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Docket No. 13) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated: January 25, 2017
Rochester, New York.